Defendant-appellant, Gary Beagle, appeals a decision of the Madison County Court of Common Pleas overruling his petition for postconviction relief. We affirm.
On September 22, 1988, appellant was indicted on two counts of rape and one count of kidnapping. Appellant was arraigned on September 28, 1988, and attorney John Houchard (who had represented appellant at a preliminary hearing in the Madison County Municipal Court) was reappointed as appellant's counsel. On October 6, 1988, appellant contacted Houchard and indicated that the victim's account during the preliminary hearing was substantially true, and that he wanted to plead guilty. On December 6, 1988, appellant entered guilty pleas to the kidnapping charge and one rape charge. The other rape charge was dismissed. The trial court conducted a guilty plea hearing and found that the pleas were knowingly and voluntarily made. The guilty pleas were accepted and appellant was sentenced to seven to twenty-five years on each charge to be served concurrently.
On September 20, 1996, appellant filed a petition for post-conviction relief pursuant to R.C. 2953.21. Appellant argued that he had received ineffective assistance of counsel. His petition specifically alleged that Houchard threatened appellant that if he went to trial he could get seventy-five years; indicated that appellant could get shock probation after two years; and refused to take the case to trial. Appellant also alleged that Houchard did not attempt to interview a witness, Mark Jansen, who would have confirmed that appellant and the victim had an ongoing relationship before the offenses.
The trial court held a hearing on appellant's petition on January 30, 1998. Appellant, Houchard, appellant's sister, and Mark Jansen testified. The trial court overruled the petition for post-conviction relief in a February 26, 1998 decision. The trial court found that appellant had not received ineffective assistance of counsel. Specifically, the trial court found that the plea hearing contradicted appellant's claim that he had been threatened concerning his plea and that Houchard's testimony indicated that appellant had not been promised shock probation. The trial court also found that Houchard's failure to locate and interview Mark Jansen did not prejudice appellant's defense.
Appellant has set forth the following assignment of error:
 APPELLANT'S TRIAL COURT ERRORED [sic] IN OVERRULING HIS PETITION TO VACATE OR SET ASIDE HIS CONVICTION THROUGH POST-CONVICTION RELIEF.
Initially, we note that the errors alleged by appellant in his petition for postconviction relief concern matters which could have been raised on direct appeal and therefore may be barred by res judicata. See, e.g., State v. Szefcyk (1996),77 Ohio St.3d 93. However, an exception to this general rule exists when a defendant raises a claim of ineffective assistance of counsel and relies on material evidence dehors
the record. State v. Cole (1982), 2 Ohio St.3d 112. Appellant's claims concerning ineffective assistance of counsel are twofold. First, appellant claims that counsel coerced appellant's guilty plea with threats and promises. Second, appellant claims that counsel did not sufficiently investigate his case, particularly by failing to interview a witness who allegedly could have impeached the victim's credibility.
A guilty plea waives the right to claim that one was prejudiced by constitutionally ineffective assistance of counsel except to the extent that such ineffective assistance made the plea less than knowing and voluntary. State v. Barnett
(1995), 73 Ohio App.3d 244, 248. To prevail under a postconviction relief ineffective assistance of counsel claim after pleading guilty, a defendant not only must show that his trial counsel's performance was professionally unreasonable, but also must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty.Hill v. Lockhart (1985), 474 U.S. 52, 106 S.Ct. 366.
During the hearing, appellant testified that Houchard had refused to take the case to trial and stated that appellant could be sentenced to seventy-five years of imprisonment. Appellant also testified that Houchard indicated that appellant could apply for shock probation after serving two years. Houchard testified that appellant had admitted that everything the victim had said at the pretrial hearing was true except her belief that appellant had a gun or knife in the glove compartment of his car. Houchard testified that under these circumstances he might have informed appellant that taking the case to trial would have required perjury, but that he did not believe he had refused to try the case. Houchard also testified that he did not believe that he had told appellant he would be eligible for probationary release after two years.
The record of appellant's guilty plea hearing indicates that he stated that he had not received any threats or promises in exchange for his plea. The record further reflects that the trial court fully complied with Crim.R. 11 and that appellant was specifically informed that the rape charge was nonprobational. The trial court found that the record reflecting compliance with Crim.R. 11 had greater probative value than appellant's self-serving statements.
When a trial court rules on a petition for postconviction relief after a hearing, an appellate court will give deference to the trial court's findings of fact. State v. Fox (Dec. 17, 1998), Cuyahoga App. No. 74641, unreported. The evidence presented at appellant's guilty plea hearing supports the trial court's conclusion that appellant's plea was not coerced. The plea agreement was set forth in the record. Appellant's counsel did not misrepresent the plea agreement. Even if Houchard told appellant he could get seventy-five years if he went to trial, such a statement does not establish that appellant's plea was coerced, as such statement was factually accurate. Each of the three counts appellant was charged with carried possible terms of ten to twenty-five years.
The record demonstrates that appellant's plea was made knowingly and voluntarily. Appellant has not shown that his counsel's performance was deficient, nor has he shown any prejudice as he was benefited by the dismissal of the second rape charge. Therefore, the evidence supports the trial court's finding that appellant did not receive ineffective assistance of counsel in connection with his guilty plea.
Appellant also contends that his counsel was ineffective because he did not locate and interview potential witness Mark Jansen, who would have testified (and did testify at the post-conviction hearing) that appellant and the victim knew each other before the offenses occurred. The test an appellate court must apply when reviewing an ineffective assistance of counsel claim is: (1) whether counsel's performance fell below an objective standard of reasonable professional competence, and (2) if so, whether there is a reasonable probability that counsel's unprofessional errors affected the outcome of the proceedings. Strickland v. Washington (1984), 466 U.S. 668,690-91, 104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, syllabus.
On the issue of counsel's effectiveness, appellant has the burden of proof, as a properly licensed attorney is presumably competent. State v. Jackson (1980), 64 Ohio St.2d 107. Appellant has not met that burden. Houchard testified that he attempted to locate Jansen, but discontinued such preparation for trial when appellant admitted the victim's relevant factual allegations and decided to plead guilty. That was a reasonable professional decision and appellant has failed to establish the necessary first prong of an ineffective assistance claim. We further note that Jansen's testimony could only have been admissible to impeach the victim on a collateral issue, as any prior relationship was not relevant to the substantive elements of the rape and kidnapping charges. Therefore, appellant did not establish prejudice under the second prong of theStrickland test.
In reviewing a trial court's decision with respect to a post-conviction relief petition, our standard of review is whether the trial court abused its discretion. State v. Benge
(Apr. 27, 1998), Butler App. No. CA97-08-163, unreported. Having thoroughly reviewed the record, we find that the trial court correctly determined that appellant did not receive ineffective assistance of counsel. Therefore, appellant's sole assignment of error is overruled.
Judgment affirmed.
YOUNG and WALSH, JJ., concur.